IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ARTURO FLORES AND ROSALIA TORRES<br>v.<br><br>JORGE ALBERTO MEZA SUAREZ AND TRANSPORTES BRAGO | § § § § § § § § § § | CIVIL ACTION NO. _____ |

# DEFENDANT JORGE ALBERTO MEZA SUAREZ AND TRANSPORTES BRAGO'S NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, LAREDO DIVISION:

Defendants Jorge Alberto Meza Suarez and Transportes Brago (hereinafter "Defendant Suarez" and "Defendant Brago" respectively) file this notice of removal pursuant to 28 U.S.C. § 1446(a).

## I. Introduction

1.1   Plaintiffs Arturo Flores and Rosalia Torres (hereinafter "Plaintiff Flores and Plaintiff Torres") are United States citizens and Texas residents.

1.2   Defendant Brago is a Mexican entity who has no residence, place of business, or registered agent in Texas.

1.3   Defendant Suarez is a Mexican citizen who drives tractor-trailers in the United States and Mexico. Suarez does not reside in the United States and he does not have a designated place of employment in the United States.

1.4   According to Webb County Court records, Plaintiff first filed his suit against Defendants on September 1, 2017. That cause was assigned to the 406th District

62467:10328041

Court, Webb County, Texas under Cause No. 2017CVA002132D4. Said suit is styled *ARTURO FLORES, ROSALIA TORRES vs. JORGE MEZA SUAREZ, TRANSPORTES BRAGO.* In his petition, Plaintiffs asserted that service could be effectuated on Defendants by serving Tryon D. Lewis, the Chairman of the Texas Transportation Commission. On October 10, 2017 Tryon D. Lewis was purportedly served via certified mail. As explained below, this form of service on Defendants is defective and does not comport with the requirements of due process accorded to Defendants.

1.4    Plaintiffs' attempt to serve non-resident, Mexican national Defendants, via Tryon D. Lewis, was not in the manner proscribed by The Hague Service Convention. Under Article VI of the Constitution of the United States, treaties are superior to inconsistent state law. U.S. CONST. art. VI, cl. 2; *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). The Hague Service Convention is an international treaty which sets forth the process for serving defendants in Mexico. See *Velasco v. Ayala*, 312 S.W.3d 783, 792 (Tex.App.-Houston [1st Dist.] 2009, no pet. The Hague Service Convention applies "in all cases, in civil or commercial matters, where there is an occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361, art. 1. The Hague Service Convention is preemptive of Texas law. *Paradigm Entm't, Inc. v. Video Sys. Co.*, No. Civ.A. 3:99-CV2004 P., 2000 U.S. Dist. LEXIS 2667, 2000 WL 251731, at *4 (N.D. Tex. Mar. 3, 2000). In order to effectuate proper service, a Plaintiff must send a request for service to Mexico's General Direction of Legal Affairs of the Ministry of Foreign Affairs, who then forwards the documents to the proper party to effectuate service. Further, Mexico requires that all documents served on Mexican defendants be translated in Spanish. *Id.* Plaintiff has not served Defendants in this manner, and therefore Defendants were never properly served.

1.5	In the interests of speed and efficiency, Defendants have elected, by filing this Notice of Removal, to waive formal service - effective as of the date of this removal. Consequently, Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. 1446(b). See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-351 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant…Unless a named defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.").

## II.  Basis for Removal

2.1	Removal is proper because there is complete diversity between the parties.  28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).  Plaintiff is a U.S. citizen and resident of the state of Texas. Defendants are Mexican citizens, reside in Mexico and have no residence, office or place of business in the United States.  According to Plaintiff's Original and Second Amended Petition, Plaintiff seeks damages in excess of $1,000,000. Therefore, because both complete diversity exists between all the parties and all other elements of U.S.C. § 1332 are otherwise met, removal is proper.

2.2	Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

2.3	Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

2.4	Pursuant to Local Rule LR81 of the United States District Court for the Southern District of Texas, Defendant provides a certified copy of the docket sheet, process, pleadings, and signed orders served in the State Court action (the "State Court

3

File"), together with an index of matters being filed, and the notice served upon Plaintiff's attorney of record that this matter was removed. These documents are attached as "**EXHIBIT 1**". Also pursuant to LR81, an Index of Attorneys/Parties is attached as "**EXHIBIT 2.**"

### III.  Prayer

3.1    In accordance with the above, Defendants pray that this Court enter such further Orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the 406th District Court, Webb County, Texas, and for such other and further relief, general and special, legal and equitable, to which it may show itself to be justly entitled.

Respectfully submitted,

By:    /s/ James H. Hunter, Jr.
James H. Hunter, Jr.,
Attorney-in-Charge,
State Bar No. 00784311
Fed. Bar No. 15703
Email: jim.hunter@roystonlaw.com
55 Cove Circle
Brownsville, Texas 78521
Telephone: (956) 542-4377
Facsimile: (956) 542-4370
**ATTORNEY FOR DEFENDANTS JORGE ALBERTO MEZA SUAREZ AND TRANSPORTES BARGOS**

OF COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

John D. Plumlee
State Bar No. 24079145
Fed. Bar No. 1466440
Email: John.plumlee@roystonlaw.com
55 Cove Circle
Brownsville, Texas 78521
Telephone: (956) 542-4377
Facsimile: (956) 542-4370

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the above and foregoing document was filed electronically and forwarded via the CM/ECF Filing System, facsimile, Regular U.S. Mail, certified mail, return receipt requested and/or E-Mail to all known counsel of record on this **12th** day of January 2018, as follows:

Hector Gonzalez
Gonzalez & Associates, P.C.
737 E. Main Street, Suite D
Eagle Pass, Texas 78852
**ATTORNEYS FOR PLAINTIFF**
*ARTURO FLORES AND ROSALIA TORRES*

By: /s/ James H. Hunter, Jr.
 James H. Hunter, Jr.